**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

|  |  |  |
|---|---|---|
| **BRANDON CALLIER,** | § § § | |
| **Plaintiff,** | § § § | **EP-26-cv-00995-DCG** |
| v. | § § § | |
| **COASTLINE PRODUCTS, LLC,** a California Limited Liability Company, **SEMPRIS, LLC**, a Delaware Limited Liability Company | § § § § § | |
| **Defendants.** | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1.      Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, resident of the Western

District of Texas, and was present in El Paso County, Texas, for all texts in this case.

2.      Defendant COASTLINE PRODUCTS, LLC ("Coastline") is a limited liability company

organized and existing under the laws of California and can be served via its registered agent

David Pourmand, 2094 City Vista Drive, Los Angeles, CA 90049.

3.      Defendant SEMPRIS, LLC ("Sempris") is a limited liability company organized and

existing under the laws of Delaware and can be served via its registered agent Corporation

Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4.      Coastline and Sempris are collectively referred to as "Defendants".

**JURISDICTION AND VENUE**

1

5.      This Court has subject matter jurisdiction over Count I under 28 U.S.C. § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

6.      The Court has pendant jurisdiction over the Texas Business and Commerce Code claims under 28 U.S.C § 1367.

7.      This Court has specific personal jurisdiction over Defendants because Defendants purposefully availed themselves into the State of Texas and of this District, there is sufficient relationship between Defendants' purposeful contacts with Texas and the litigation.

   a. Defendants target Texas when marketing male enhancement pills produces and regularly conducts business in this District, including by telephone solicitation.

   b. Its agents sent at least eight (8) text messages to Plaintiff's 915-area code telephone number, to generate sales for Defendants.

   c. The purposeful phone calls and texts to Texas injured Plaintiff in Texas, creating a causal link between Defendants, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support the specific personal jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct., 141 S. Ct. 1017* (2021).

   d. Plaintiff brought claims under Texas Business and Commerce Code Chapter 301. Under Texas Law, venue is proper in the county where the phone calls and text messages were received. TBCC § 301.105(2).

8.      Venue is proper under 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents,

including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas, he received a substantial, if not every single, phone call or text message from Defendants, which is the subject matter of this lawsuit.

## THE TELEPHONE CONSUMER PROTECTION ACT

## OF 1991, 47 U.S.C. § 227

9.      In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes. 47 U.S.C. § 227(b)(1)(B).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13.     Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15.     The FCC recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

16.     The FCC requires "prior express consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

17.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

18.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

19.    Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

20.    A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## TEXAS BUSINESS AND COMMERCE CODE CHAPTER 301

21.    A telephone solicitor may not make a consumer telephone call to a consumer unless the telephone solicitor, immediately after making contact with the consumer to whom the call is made, identifies himself or herself by name, the business on whose behalf the telephone solicitor is calling, and the purpose of the call. TBCC § 301.051(b)(A-C).

22.    A telephone solicitor may not make a consumer telephone call to a consumer unless the telephone solicitor makes the call after 12 noon or before 9 p.m. on a Sunday or after 9 a.m. and before 9 p.m. on a weekday or a Saturday. TBCC § 301.051(b)(2).

23.    A consumer injured by a violation of this chapter may bring an action for recovery of damages. TBCC § 301.104.

24.    A consumer injured by a violation of this chapter may bring an action for recovery of damages. The damages awarded may not be less than the amount the consumer paid the person

who sold the consumer goods or services through the use of the telephone solicitor, plus reasonable attorney's fees and court costs.

25.    Venue for an action brought under this chapter is in the county in which the consumer telephone call was received. TBCC § 301.105(2).

### TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302

26.    A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. Tex. Bus. Com. Code § 302.101.

27.    A person commits an offense if the person knowingly acts as a salesperson on behalf of a seller who violates the registration requirements of this chapter. Tex. Bus. Com. Code § 302.252(a).

28.    "Telephone call" has the meaning assigned by Section 304.002. Tex. Bus. Com. Code § 302.001(6-a).

29.    "'Telephone solicitation' means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." Tex. Bus. & Com. Code § 302.001(7).

30.    An "item" is defined as a property or service." Tex. Bus. & Com. Code § 302.001(1).

31.    "A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation." Tex. Bus. & Com. Code § 302.002.

32.    A "seller" is defined as "A person who makes a telephone solicitation on the person's on behalf." Tex. Bus. & Com. Code §302.001(5).

33.    A "salesperson" is defined as "A person who is employed or authorized by a seller to make a telephone solicitation." Tex. Bus. & Com. Code §302.001(4).

34.    A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. Tex. Bus. & Com. Code § 302.101(a).

35.    When a telephone solicitation is made and before consummation of any sales transaction, a seller shall provide to each purchaser the complete street address of the location from which the salesperson is calling the purchaser, and if different, the complete street address of the seller's principal location. Tex. Bus. & Com. Code § 302.202(1).

36.    Federal common law principles of agency apply to TBCC violations…and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller.  *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-cv-235, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *see also Callier v. Tip Top Cap. Inc.*, No. EP-23-cv-437, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024) (holding that a seller violates § 302.101 when a telemarketer makes calls on behalf of a seller who Elites not hold a registration certificate); *Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-401, 2023 WL 9199001, at *6 (E.D. Tex. Dec. 27, 2023) (same); *Salaiz v. Beyond Fin., LLC*, No. EP-23-cv-6, 2023 WL 6053742, at *5 (W.D. Tex. Sept. 18, 2023) (refusing to dismiss a § 302.101 claim because "Plaintiff has plausibly alleged that Defendant effected or attempted to effect the thirteen calls Plaintiff received by hiring telemarketers to make those calls.").

37.    The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney's fees.

38.    Texas Business and Commerce Code § 302.101 provides a private right of action.  A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E,

Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

39.    The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50

## TEXAS BUSINESS AND COMMERCE CODE § 305.053

40.    A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

41.    A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

42.    The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

## FACTUAL ALLEGATIONS

43.    Plaintiff received at least eight (8) solicitation text messages from Defendants to his personal cellular phone number ending in 4604.

44.    Plaintiff personally and successfully registered his phone number ending in 4604 to the National Do-Not-Call Registry ("DNC") in December 2007.

8

45.     Plaintiff never asked the National-Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry. Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

46.     Plaintiff's telephone number 4604 is not used for commercial purposes.

47.     Plaintiff uses telephone number 4604 for personal purposes.

48.     Plaintiff did not have a preexisting business relationship with Defendants and did not request the solicitation text messages alleged herein.

49.     Defendant Coastline offers business male enhancement pills and products via telemarketing through solicitation texts.

50.     Defendant Sempris is a marketing company authorized by Defendant Coastline to market their male enhancement products.

51.     Each of the texts in this case was a solicitation for male enhancement pills or products and came from short text number 50167.

52.     Plaintiff did not give Defendants consent to send any of these phone calls or texts.

53.     Each of the text messages contained a call back phone number. One such call back number was 888-662-5994.

54.     On March 26, 2026, at 9:12 AM, Plaintiff called phone number 888-662-5994 as part of an investigation into the origin of the phone calls. This was necessary because the texts did not include the identity of the sender.

55.     Upon connecting the call, an artificial voice and/or prerecorded message stated, "Thank you for calling Prostiva. Please hold for a representative." Plaintiff was then connected to a representative who sold Plaintiff a bottle of Prostiva.

56.     Through information and belief, the customer service representative was an employee of Sempris.

57.     Through information and belief, Sempris acts as a sales representative for Prostiva.

58.     During the March 26, 2026, phone call the representative enrolled Plaintiff in a "savings program" offered by isavingscentral ("Savings Central") at a charge of 34.95 to be billed at the end of a 14-day trial period.

59.     On March 26, 2026, Plaintiff visited https://www.isavingscentarl.com as part of an investigation into the details delivered by the customers service representative. Savings Central is owned and operated by Sempris, LLC.

60.     On March 26, 2026, Plaintiff received a charge to his credit card for $9.95, while still on the phone with Defendant Sempris. The charge to Plaintiff's credit card contained a phone number of 855-370-7959 as part of the transaction.

61.     During the phone call, Plaintiff was given a callback number 800-475-1942 by the telemarketer.

62.     On March 26, 2026, at 9:27 AM, Plaintiff called phone number 855-370-7959, as part of an investigation into who had charged Plaintiff's credit card, and been responsible for the sale in paragraph 60. The customer service representative stated, "Thank you for calling Coastline customer service." Plaintiff then asked the customer service representative to repeat and she again said, "Coastline customer service".

63.     Plaintiff then asked about the "savings gift card" that was issued to him. The customer service rep said, "Oh, that's Sempris. That's a different number…that's 1-800-475-1942." This was the same phone number given to Plaintiff by the telemarketer in paragraph 61.

64.     Defendant Sempris' savings central discount services program was sold on the March 26, 2026, phone call.

65.     Defendant Coastline's Prostiva prostate pills were sold on the March 26, 2026, phone call.

66.     Both Sempris and Coastline as "sellers" as defined by Chapter 302 of the Texas Business and Commerce Code.

67.     Table A displays each of the solicitation text messages received by Plaintiff from Defendant.

**TABLE A**

| Number | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1. | 03/03/2026 | 9:36 AM | 50167 | Solicitation Text Message |
| 2. | 03/10/2026 | 9:25 AM | 50167 | Solicitation Text Message |
| 3. | 03/12/2026 | 1:23 PM | 50167 | Solicitation Text Message |
| 4. | 03/17/2026 | 12:01 PM | 50167 | Solicitation Text Message |
| 5. | 03/19/2026 | 11:00 AM | 50167 | Solicitation Text Message |
| 6. | 03/20/2026 | 8:53 AM | 50167 | Solicitation Text Message |
| 7. | 03/25/2026 | 10:26 AM | 50167 | Solicitation Text Message |
| 8. | 03/26/2026 | 9:11 AM | 50167 | Solicitation Text Message |

68.     Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing texts consumed part of this capacity.

69.     No emergency necessitated the texts.

**LIABILITY UNDER TEXAS BUSINESS AND COMMERCE CODE 302.101**

70.     Texas Business and Commerce Code Chapter 302 does not require the seller to have an agency relationship with the salesperson in order to impose liability upon the seller for calls made by the salesperson.

71.     The clear language of the statute states, "a person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation". Tex. Bus. Com. Code § 302.302.

72.     "Telephone call" has the meaning assigned by Section 304.002(10)(A-C).

73.     "Telephone solicitation" means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item. Tex. Bus. Com. Code § 302.001(7).

74.     "Telephone solicitation" includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means. *Id.*

75.     "**Salesperson**" means a person who is **employed**[1] or **authorized**[2] by a seller to make a telephone solicitation. Tex. Bus. Com. Code § 302.001(4) (bold emphasis added).

76.     "Seller" means a person who makes a telephone solicitation on the person's own behalf. Tex. Bus. Com. Code § 302.001(5).

77.     To the extent that Defendants may argue that a third party made the phone calls, the question concerning liability under Texas Business and Commerce Code § 302.101 is not

---

[1] "**Employ**, vb. **1**. To make use of. **2**. To hire. **3**. To use as an agent or substitute in transacting business. **4**. To commission and entrust with the performance of certain acts or functions…." Garner, **Black's Law Dictionary**, p. 602 (Ninth Ed.)

[2] "**Authorize,** vb. **1**. To give legal authority; to empower <he authorized the employee to act for him>. **2**. To formally approve; to sanction <the city authorized the construction project>. – authorization, n." Garner, **Black's Law Dictionary**. p. 153 (Ninth Ed.)

whether Defendants had control over, or an agency relationship with, the third party, but rather, whether the third party was authorized to solicit Defendants products and services.

## INJURY, HARM, AND DAMAGES AS A RESULT OF THE CALLS

78.    Defendants' texts harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

79.    Defendants' texts harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

80.    Defendants' texts harmed Plaintiff by intruding upon Plaintiff's seclusion.

81.    Plaintiff has been harmed, injured, and damaged by the texts, including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

82.    Plaintiff incurred increased electric bills as a result of more frequent charging of his cell phone related to the unauthorized phone calls.

## <u>COUNT ONE</u>

### Violations of 47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(C)- Violation of the TCPA DNC Prohibition
### (Against All Defendants)

83.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-82.

84.    The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

85.    Defendants sent eight (8) text messages to Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than

thirty-one (31) days prior to the texts, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

86.    Plaintiff was statutorily damaged at least eight (8) times under 47 U.S.C. § 227(c)(3)(F) by Defendants by the unauthorized text messages as described above, in the amount of $500 per text.

87.    Plaintiff is entitled to an award of at least $500 in damages for each such violation, 47 U.S.C. § 227(c)(5)(B).

88.    Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

### COUNT TWO
**Violations of Texas Business and Commerce Code 305.053- Pursuant to 47 U.S.C § 227(c)**
**(Against All Defendants)**

89.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-88.

90.    Defendant sent eight (8) text messages to Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the texts, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

91.    A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

92. A plaintiff who prevails in an action for damages under this section is entitled to the greater $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

93. If the court finds that the Defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation or three times the Plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(c)(1-2).

94. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

### COUNT THREE
**Violations of Texas Business and Commerce Code 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(Against All Defendants)**

95. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-94.

96. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making eight (8) non- registered solicitation calls and texts to Plaintiff's cellular telephone number without his prior express written consent.

97. Plaintiff is entitled to an award of up to $5,000 in damages for each such violation. Texas Business and Commerce Code 302.302(a).

98. Plaintiff is entitled to an award of all reasonable costs of prosecuting the action including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Texas Business and Commerce Code 302.302(d).

## COUNT FOUR
**Violations of Texas Business and Commerce Code § 301.051(2)**
**Calling or Texting Before 9 AM**
**(Against All Defendants)**

99.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-98.

100.    Defendants sent a text message before 9 AM on a weekday. TBCC § 301.051(2).

101.    Plaintiff was damaged at one (1) time by Defendants.

102.    A consumer injured by the chapter may bring an action for recovery of damages. The damages may not be less than the amount the consumer paid the person who sold the consumer good or services through the use of the telephone solicitor. Tex. Bus. Com. Code § 301.104.

103.    Plaintiff seeks damages in the amount of 2,000 per violating phone call.

## COUNT SIX
**Violations of Texas Business and Commerce Code § 301.051(b)(1)(A-C)**
**Failing to Properly Identify**
**(Against All Defendants)**

104.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-103.

105.    Defendants did not immediately after making contact with the consumer to whom the texts are made, identify himself or herself by name, the business on whose behalf the telephone solicitor is calling, and the purpose of the call. TBCC § 301.051(b)(A-C).

106.    Plaintiff was damaged at eight (8) times by Defendants.

107.    A consumer injured by the chapter may bring an action for recovery of damages. The damages may not be less than the amount the consumer paid the person who sold the consumer good or services through the use of the telephone solicitor. Tex. Bus. Com. Code § 301.104.

108.    Plaintiff seeks damages in the amount of 2,000 per violating phone call.

16

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Callier prays for judgment against Defendants severally and jointly as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C.      An award of $500 per call in statutory damages arising from the TCPA 47 U.S.C. 227(c) violations for eight (8) text messages;

D.      An award of $500 per call in statutory damages arising from TBCC 305.053 violations for eight (8) text messages;

E.      An award of $5,000 per call in statutory damages arising from TBCC 302.101 violations for eight (8) text messages;

F.      An award of $2,000 per call in statutory damages arising from TBCC 301.051(2) violations for one (1) text message;

G.      An award of $2,000 per call in statutory damages arising from TBCC 301.051(b)(1)(A-C) violations for eight (8) text messages;

H.      An award to Plaintiff of damages, as allowed by law under the TCPA;

I.      An award to Plaintiff of damages, as allowed by law under the TBCC;

J.      An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity.

K.      Such further relief as the Court deems necessary, just, and proper.

Dated: April 6, 2026,                      Respectfully submitted,

/s/ Brandon Callier

_____

17

Brandon Callier
Plaintiff, Pro Se
1490 A George Dieter Drive
#174
El Paso, TX 79936
915-383-4604
Callier74@gmail.com