**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

|  |  |
|---|---|
| BRANDON CALLIER,<br><br>      Plaintiff,<br><br>      v.<br><br>COASTLINE PRODUCTS LLC, *a California Limited Liability Company,* SEMPRIS, LLC, *a Delaware Limited Liability Company*<br><br>      Defendant. | Case No. EP-26-cv-00995-DCG |

<u>**DEFENDANT COASTLINE PRODUCTS LLC'S ANSWER TO PLAINTIFF JUSTIN TATUM'S COMPLAINT**</u>

Defendant COASTLINE PRODUCTS, LLC ("Defendant") hereby answers the Complaint of Plaintiff DAVID CALLIER ("Plaintiff") as follows:

**INTRODUCTION**

1. Defendant Coastline Products, LLC ("Coastline" or "Defendant") admits that the Plaintiff is BRANDON CALLIER ("Plaintiff"), a natural person and upon information and belief admits that her is a resident of the Western District of Texas; was present in El Paso County, Texas, for all texts in this case.

2. Defendant admits that Coastline Products, LLC (Coastline") is a California limited liability company and organized and existing under the laws of California and can be served via its registered agent David Pourmand, 2094 City Vista Drive, Los Angeles, CA 90049.

3. Defendant admits upon information and belief SEMPRIS, LLC ("Sempris") is a limited liability company organized and existing under the laws of Delaware; otherwise Defendant is unable to admit or deny the remaining allegations in this paragraph due to lack of information.

4. Defendant incorporates by reference all other responses herein.

<b>JURISDICTION AND VENUE</b>

5. Defendant admits that this court has jurisdiction.

6. Defendant admits that this court has pendant jurisdiction.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the venue is proper. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Complaint.

<b>THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227</b>

9. Paragraph 9 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

10. Paragraph 10 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

11. Paragraph 11 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

12. Paragraph 12 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations.

13. Paragraph 13 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

14. Paragraph 14 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

15. Paragraph 15 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

16. Paragraph 16 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

17. Paragraph 17 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

18. Paragraph 18 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations.

19. Paragraph 19 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

20. Paragraph 20 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## TEXAS BUSINESS AND COMMERCE CODE CHAPTER 301

21. Paragraph 21 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

22. Paragraph 22 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

23. Defendant admits to the allegations in paragraph 23 of the complaint.

24. Defendant admits to the allegations in paragraph 24 of the complaint.

25. Paragraph 25 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302**

26. Paragraph 26 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

27. Paragraph 27 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

28. Paragraph 28 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

29. Paragraph 29 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

30. Paragraph 30 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

31. Paragraph 31 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations.

32. Paragraph 32 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

33. Paragraph 33 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

34. Paragraph 34 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

35. Paragraph 35 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

36. Paragraph 36 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

37. Paragraph 37 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations

38. Paragraph 38 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

39. Paragraph 39 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

## TEXAS BUSINESS AND COMMERCE CODE § 305.053

40. Paragraph 40 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

41. Paragraph 41 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

42. Paragraph 42 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## FACTUAL ALLEGATIONS

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 85 of the Complaint.

49. Defendant admits the allegations in Paragraph 49 of the Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint.in Paragraph 47 of the Complaint. Defendant is still investigating Plaintiff's claims.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 58 of the Complaint.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint.

65. Defendant admits the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint.

**LIABILITY UNDER TEXAS BUSINESS AND COMMERCE CODE 302.101**

70. Paragraph 70 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

71. Paragraph 71 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

72. Paragraph 72 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

73. Paragraph 73 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

74. Paragraph 74 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

75. Paragraph 75 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

76. Paragraph 76 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

77. Paragraph 77 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE TEXT MESSAGES**

78. Defendant denies the allegations in Paragraph 78 of the Complaint

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

**COUNT ONE**

**Violations of 47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(C)- Violation of the TCPA DNC Prohibition**

**(Against All Defendants)**

83. Defendant incorporates by reference all other responses herein.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

**COUNT TWO**

**Violations of Texas Business and Commerce Code 305.053- Pursuant to 47 U.S.C § 227(c) (Against All Defendants)**

89. Defendant incorporates by reference all other responses herein.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

92. Paragraph 92 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

93. Paragraph 93 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

94. Paragraph 94 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

<u>**COUNT THREE**</u>

**Violations of Texas Business and Commerce Code 302.101**

**Failure to obtain a Telephone Solicitation Registration Certificate**

**(Against All Defendants)**

95. Defendant incorporates by reference all other responses herein.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

## COUNT FOUR

### Violations of Texas Business and Commerce Code § 301.051(2)

### Calling or Texting Before 9 AM

### (Against All Defendants)

99. Defendant incorporates by reference all other responses herein.

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

101. Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

103. Defendant admits to the allegations in Paragraph 103 of the Complaint.

## COUNT SIX

### Violations of Texas Business and Commerce Code § 301.051(b)(1)(A-C)

### Failing to Properly Identify

### (Against All Defendants)

104. Defendant incorporates by reference all other responses herein.

105. Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Defendant denies the allegations in Paragraph 106 of the Complaint.

107. Defendant denies the allegations in Paragraph 107 of the Complaint.

108. Defendant admits to the allegations in Paragraph 108 of the Complaint.

**AFFIRMATIVE DEFENSES**

1.  The acts, omissions, injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff, third parties, and/or others for whom Defendant is not responsible.

2.  Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute(s) of limitations.

3.  Defendant acted in good faith at all relevant times and did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous.

4.  All calls placed to Plaintiff, if any, were placed with prior express consent, written or otherwise.

5.  Any alleged calls by Defendant to Plaintiff were not made by an automatic telephone dialing system or an artificial or prerecorded voice.

6.  Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA, the regulations prescribed thereunder, and/or Texas law.

7.  Any alleged violations, which are denied, were unintentional and Defendant is therefore entitled to a "safe harbor" defense.

8.  This matter may be subject to an arbitration provision and/or a forum selection clause.  If so, Defendant reserves the right to enforce any such provisions.

9.  Plaintiff's claims are barred because he lacks standing and/or jurisdiction to assert them, inter alia, because Plaintiff has suffered no injury-in-fact.

10. Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and/or other equitable doctrines.

11. To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

12. The imposition of the damages sought by Plaintiff would violate Defendant's constitutional rights to

due process and equal protection and constitute an excessive fine.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative

defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or

circumstances warrant.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for a judgment in

favor of Defendant and against Plaintiff, for all attorneys' fees and costs incurred by Defendant herein, and

for such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 2, 2026                    LAW OFFICES OF KEITH WIER, PLLC

*s/Keith Wier*
Keith Wier
SBN: 21436100
15150 Preston Road, Suite 300
Dallas, TX 75248
Email: kwier@keithwierlaw.com
Phone: (214) 540-6690
*Attorney for Defendant Coastline Products, LLC,
David Pourmand*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2026, I electronically filed the foregoing document with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties

of record.


Dated: June 2, 2026                                            LAW OFFICES OF KEITH WIER, PLLC


                                                                 s/Keith Wier
                                                                Keith Wier
                                                                SBN: 21436100
                                                                15150 Preston Road, Suite 300
                                                                Dallas, TX 75248
                                                                Email: kwier@keithwierlaw.com
                                                                Phone: (214) 540-6690
                                                                *Attorney for Defendant Coastline Products, LLC,*
                                                                *David Pourmand*