**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP-26-CV-00995-DCG** |
| **COASTLINE PRODUCTS, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

**ORDER REQUIRING PARTIES TO FILE JOINT RULE 26(f) REPORT**
**AND PROPOSED SCHEDULING ORDER**

The Court **ORDERS** the parties to **CONFER** as Federal Rule of Civil Procedure 26(f) and Local Rule CV-16(c) require and **JOINTLY FILE** a **Joint Rule 26(f) Report** that conforms substantially to Appendix N of this Court's Local Rules by **July 6, 2026**.

Besides answering the questions in Appendix N, the parties' Joint Rule 26(f) Report must also state or provide:

(1)      A short statement of the facts that form the basis of Plaintiff's claims and those that form the basis of Defendant's[1] defenses.[2] Each side's statement shall be no longer than one page with double-spaced type.

(2)      Whether any party demands or has demanded a trial by jury;[3] and

---

[1] The Court will use the term "Defendant" to refer exclusively to the only remaining Defendant in this case: Coastline Products, LLC. *See* Order Dismissing Claims, ECF No. 9, at 1 (dismissing Plaintiff's claims against Coastline's co-Defendant Sempris, LLC).

[2] This item asks for the *factual* bases of the parties' claims and defenses, which is different from Question No. 1 in Appendix N; the latter asks for the nature of "the causes of action, defenses, and counterclaims" and the elements of their proof.

[3] *See* FED. R. CIV. P. 38, 39(b), 81(c)(3).

(3)    Whether the parties consent to a United States Magistrate Judge conducting further proceedings in the case (including trial), entering a final judgment, and conducting post-judgment proceedings.[4]

The parties must also **JOINTLY FILE** a **Proposed Scheduling Order** that conforms substantially to Appendix B of the Local Rules **by that same date**.

**So ORDERED and SIGNED this 3rd day of June 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[4] Pursuant to 28 U.S.C. § 636(c)(1), all full-time Magistrate Judges may try any jury or non-jury civil case with all parties' consent.  Because of the crowded condition of this Division's criminal docket and the resulting difficulty in scheduling civil trials before a District Judge, the parties may wish to consent to trial by a United States Magistrate Judge.  Such consent must be voluntary, and a party is free to withhold consent without suffering adverse consequences.

If all parties so consent, the Court will enter an order referring the case to a Magistrate Judge for trial and for entry of judgment.  If the Court has previously referred the case to a Magistrate Judge for pretrial matters, the trial will occur before the Magistrate Judge already assigned to the case.